UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THERESA UREKEW,

          Plaintiff,

    v.

TETRA HOLDINGS (US) INC.,
KENT NORRIS, REMY OZARAGA,

          Defendants.

NO. CIV. S-04-2529 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Theresa Urekew's motion to modify the pretrial scheduling order to permit the filing of a motion to withdraw admissions.[1]  Defendant Tetra Holding (US) Inc. opposes the motion.

On February 24, 2006 defendant filed a motion for summary judgment that relied largely on plaintiff's failure to respond to defendant's Request for Admissions.  Said failure, defendant argued, deemed the requests admitted and required entry of

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  See E.D. Cal. Local Rule 78-230(h).

1

summary judgment in its favor.  In opposition to the motion, plaintiff conceded the failure to respond but moved to withdraw her admissions citing her counsel's "mistake, inadvertence and excusable neglect" in failing to timely respond to defendant's Request for Admissions.[2]  (See Opp'n to MSJ and Mot. to Withdraw, filed April 6 and 7, 2006.)  Plaintiff argued that otherwise, the deemed-admissions "essentially put [plaintiff] in a situation of disavowing the basic factual and legal underpinnings of her claims against [defendant]."  (Mot. to Modify, filed May 3, 2006, at 4:11-12.)

Under the circumstances, the court continued the hearing on defendant's motion for summary judgment, deferring resolution of that motion until the motion to withdraw admissions, a discovery motion, was heard by the magistrate judge (it was then set for hearing on May 3, 2006).  (Minute Order, filed April 11, 2006.) However, on April 27, 2006, the magistrate judge vacated the motion to withdraw admissions finding it untimely under the pretrial scheduling order, filed May 20, 2005, which required all discovery, including motions relating to discovery issues, to be completed by February 1, 2006.

Plaintiff now moves this court for modification of the pretrial scheduling order to allow the magistrate judge to hear

---

[2] Plaintiff's counsel, Todd Murray, proffers that during the applicable time, he suffered a severe intestinal blockage which resulted in surgery shortly before the responses were due. "As a result of the extreme press of business on his return [to work] and his inadvertent and mistaken belief that their [sic] would be no negative ramifications from the delay, he did not file the responses and they were automatically deemed admitted under Federal Rules of Civil Procedure (FRCP), Rule 36(a)." (Mot. to Modify, filed May 3, 2006, at 2:18-21.)

2

1 her motion to withdraw admissions.  Under Federal Rule of Civil
2 Procedure 16, good cause exists for such relief.  Johnson v.
3 Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)
4 (*quoting* Fed. R. Civ. P. 16, advisory committee's notes (1983
5 amendment)).  Since the filing of defendant's motion for summary
6 judgment, plaintiff has diligently sought to withdraw her
7 admissions.  A finding on that motion is critical to resolution
8 of defendant's motion for summary judgment.
9      Accordingly, the court HEREBY amends the pretrial scheduling
10 order to permit plaintiff to file her motion to withdraw
11 admissions before the magistrate judge.  In order to allow time
12 for hearing of said motion, the court continues the hearing on
13 defendant's motion for summary judgment, currently set for June
14 2, 2006, to July 21, 2006 at 10:00 a.m. in Courtroom 2.
15 Plaintiff may file a supplemental opposition to defendant's
16 motion for summary judgment, considering the magistrate judge's
17 ruling on her motion to withdraw admissions, on or before July 7,
18 2006.  Defendant may file its reply on or before July 14, 2006.
19      As a result of these orders, the court continues the final
20 pretrial conference, currently set for August 4, 2006, to
21 September 29, 2006 at 1:30 p.m.; the joint final pretrial
22 statement shall be filed by September 15, 2006; the parties shall
23 refer to the court's pretrial scheduling order as to the form and
24 content of the statement.  Trial of this matter, currently set
25 ///
26 ///
27 ///
28 ///

```
 1  for October 17, 2006, is continued to December 5, 2006 at
 2  9:00 a.m.
 3       IT IS SO ORDERED.
 4   DATED: May 15, 2006
 5
 6                                  /s/ Frank C. Damrell Jr.
                                    FRANK C. DAMRELL, Jr.
 7                                  UNITED STATES DISTRICT JUDGE
```