IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THERESA UREKEW,

    Plaintiff,                           No. CIV S-04-2529 FCD KJM

    vs.

TETRA HOLDING INC., et al.,

    Defendants.                         <u>ORDER</u>

/

        Plaintiff's motion to withdraw admissions came on regularly for hearing on June 7, 2006. Todd Murray appeared for plaintiff. William Bishop appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

        The court finds presentation of the merits of the action will be subserved if withdrawal of the admissions is not permitted; as conceded by counsel at hearing, plaintiff would not survive summary judgment on at least two of her causes of action if the motion is denied. Additionally, defendant will not suffer the kind of prejudice that would preclude exercise of the court's discretion to allow withdrawal. Plaintiff's belated responses to requests for admission are

1

not unsurprising or inconsistent when compared with her original pleadings.[1]  No witnesses have been shown to be unavailable, and plaintiff was fully deposed during discovery.  Moreover, when pressed at hearing to explain how defendant's motion for summary judgment and the opening briefing in support thereof would have differed if defendant had received the responses to requests for admission before the filing of the motion, defendant's counsel indicated there would have been no change in the framing or content of the motion.  See Fed. R. Civ. P. 36(b); Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995).  To the extent defendant wishes to challenge new positions and new evidence it says plaintiff has presented in response to summary judgment, defendant will have the opportunity to do so in its reply and, if the case proceeds to trial, in pretrial motions, trial objections and attempts to impeach plaintiff.

For all the foregoing reasons, the motion to withdraw admissions is granted.

DATED: June 8, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
urekew.oah

---

[1] The lateness in providing responses to the admission requests was occasioned by plaintiff's counsel's emergency surgery in December 2005, and subsequent workload management problems after counsel, a solo practitioner, returned to work.  None of the delay appears caused by any lack of diligence by plaintiff herself and plaintiff's counsel has accepted full responsibility for the lateness.